# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MAURESE BEY,  )
a/k/a Maurese Wynn,  )
 )
    Plaintiff,  )
 )
v.  )    No. 4:16-CV-2111 RLW
 )
UNITED STATES GOVERNMENT  )
CORPORATION, et al.,  )
 )
    Defendants.  )

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis and for review of the complaint under 28 U.S.C. § 1915(e). The motion for leave to proceed in forma pauperis is granted, and this action is dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff says he is an aboriginal Moor and that his domicile is located in Northwest Amexem. He drives without a driver's license or license plate, and as a result, he has been arrested several times in various cities north of St. Louis. He believes that, because he has decided to call himself a Moor, he is not subject to state law. So, he believes all of the police actions and municipal proceedings against him are unlawful. He has named 153 defendants, including Hillary Clinton and the U.S. Department of State.

## Discussion

Fatal to plaintiff's assertion of immunity is the non-recognition of Northwest Amexem or the Moorish Nation as sovereign states by the United States. *See Benton-El v. Odom*, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007); *Osiris v. Brown*, 2004 WL 2044904 *2 (D.N.J. Aug. 24, 2005); *Khattab El v. United States Justice Dept.*, 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988). Plaintiff cannot unilaterally bestow sovereign immunity upon himself. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984). Plaintiff's purported status as a Moorish citizen does not enable him to violate state or federal laws without consequence. As a result, plaintiff's allegations are legally frivolous.

Moreover, a complaint may be dismissed as malicious where it "was not to rectify any cognizable harm, but only to harass and disparage" the defendants. *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) (dismissing complaint against judges and federal prosecutor who obtained conviction against the plaintiff as frivolous and malicious). It is clear that plaintiff is

attempting to harass government officials for enforcing traffic laws rather than vindicate a cognizable legal right. Therefore, the Court dismisses this case with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

An Order of Dismissal will be filed forthwith.

Dated this 27th day of March, 2017.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE